IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WILLIAM SHELTON, as Individual Trustee of the Retus Bonner Shelton Irrevocable Trust,<br><br>　　Plaintiff,<br><br>vs.<br><br>ALLIED INSURANCE COMPANY of AMERICA INC, an Ohio Corporation,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§<br>§<br>§ **JURY DEMANDED**<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

William Shelton, as Individual Trustee of the Retus Bonner Shelton Irrevocable Trust, Plaintiff herein, files this Original Complaint against Allied Insurance Company of America, Inc., and, in support of its causes of action, would respectfully show the Court the following:

### PARTIES

1.　Plaintiff, William Shelton, as Individual Trustee of the Retus Bonner Shelton Irrevocable Trust, is a resident of the Eastern District of Texas. For purposes of diversity jurisdiction, the citizenship of a trust is that of its trustees. *See* Tex. Prop. Code Ann. § 115.001(b)(1). The trustee, as the legal title holder of the trust's property or corpus, is generally the real party in interest with the power to prosecute or defend actions in the name of the trust under Fed. R. Civ. P. 17(a). *See, e.g.*, *Coverdell v. Mid-S. Farm Equip. Ass'n*, 335 F.2d 9, 13 (6th Cir. 1964). William Shelton is the sole trustee of the Retus Bonner Shelton Irrevocable Trust.

2.　Defendant Allied Insurance Company of America, Inc. ("Allied") was, and is at the date of this filing, an Ohio corporation with its principal place of business in Columbus, Ohio.

Allied is, therefore, not a citizen of the State of Texas for diversity purposes. This Defendant can be served via certified mail return receipt requested via its registered agent for servce in the state of Texas, Corporation Service Company, 211 E. 7th St. Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, Tyler Division. The property at issue in this cause is located in the Eastern District of Texas, Tyler Division.

## FACTUAL BACKGROUND

5. The Retus Bonner Shelton Irrevocable Trust is a named insured under Allied Policy ACP BPOL3018566243 ("Policy") providing coverage for the perils of hail and wind to a commercial property located at 1397 Dominion Plaza, Tyler, Texas ("Property") for the term of the Policy from December 8, 2018 to December 18, 2019. The coverage limits for the Property for which Plaintiff paid Allied insurance premiums were $1,154,700.00.

6. During the term of the Policy, the Property sustained catastrophic damage to the roofing system caused by wind and hail. On June 3, 2019, Plaintiff filed a claim on the Policy for the extensive damage to the Property, including its roofing systems, caused by the covered perils of wind and hail.

7. Allied acknowledged receipt of the claim and assigned Michael Capell to investigate the loss. However, neither Mr. Capell, nor any other insurance adjuster from Allied, ever visited the Property in an effort to examine the loss and/or inspect the reported damage.

8. Instead, Allied immediately retained the services of Donan Engineering, a firm commonly retained by Allied and other insurance companies. Donan assigned Jim Flint, a civil engineer, to handle this matter. According to his Donan website profile, Flint's representative experience includes concrete design/construction, storm and waste water and utility design/construction.

9. Flint inspected the Property on June 4, 2019. His report notes dents in the air conditioning unit, dents in the downspouts, and multiple slate tiles with fractures. The photographs Flint took and provided to Allied document this damage and demonstrate hail fractures to the roofing surface.

10. In addition, Flint concluded that hail up to ¾-inches in diameter fell at the Property.

11. Despite determining that hail fell at the Property, and noting damage to the Property, Flint summarily concluded that wind and hail did not damage the roofing system. Instead, he concluded the damage was caused by foot traffic, thermal expansion and contraction and over-nailing during roof installation—in other words, anything but a loss covered by the Policy.

12. Flint did not conduct any interviews to determine what foot traffic, if any, had been on the roofing system. He performed no testing on the roof to evaluate the cause of the damage.

13. Instead, Flint relied on a fifty-year-old study to summarily conclude it would have taken 1.50-inch hail to damage the roof of the Property. Flint performed no independent testing or investigation to analyze the actual size of the hail that fell at the Property. Further, instead of reviewing accurate weather data for the entire Policy period, he relied on NOAA weather information, the website of which specifically states it is unable to verify hail or wind damage at a particular location.

14. In fact, forensic meteorology reveals that 1.50-inch hail fell from a thunderstorm cloud base onto the ground and roofs of buildings in proximity to the Property during the Policy period. The wind speed that accompanied the hail is estimated to have been out of the west/southwest at 39 to 42 mph. This is the exact same weather Mr. Flint stated would cause damage to the roofing surface.

15. Nevertheless, on June 19, 2019, only 16 days after the claim was filed, Allied sent Plaintiff a letter stating that "the loss was caused by foot traffic, thermal expansion and contraction, and over-nailing and under-nailing during roof installation."—echoing verbatim the Flint report. There is no indication that Allied conducted any independent evaluation or adjustment of the claim. Instead, Allied retained the same engineering company it regularly retains, who, in turn, authored the same report, resulting in a denial of coverage.

16. Allied performed an outcome-oriented investigation resulting in a biased, unfair and inequitable evaluation of Plaintiff's covered loss. Further, Flint's investigation was substandard at best and pre-determined the outcome before all facts were known.

## CAUSES OF ACTION

17. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

18. Allied had a contract of insurance with Plaintiff. Allied breached the terms of that contract by wrongfully denying the claim, and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

19. The failure of Allied to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  Bad Faith/Deceptive Trade Practices Act ("DTPA")**

21. Allied is required to comply with Chapter 541 of the Texas Insurance Code.

22. Allied violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

23. Allied violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

24. Allied violated Section 541.061 by:

    (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

25. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Allied.

26. Defendant has violated the Texas DTPA in the following respects:

  (1) Allied represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  (2) Allied failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

  (3) Allied, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allied took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a

gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

27. Allied knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.   Breach of the Duty of Good Faith and Fair Dealing**

28. Allied's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff.

29. Defendant Allied's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Allied knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

30. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**E.   Attorneys' Fees**

31. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

32. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33. Plaintiff further prays that Plaintiff be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## CONDITIONS PRECEDENT

34. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**HOSSLEY & EMBRY, LLP**

By: */s/ Matt Montgomery*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Matt Montgomery
State Bar. No. 24041509
matt@hossleyembry.com
Margaret C. Pennell
State Bar No. 24116893
meg@hossleyembry.com
515 S. Vine Ave.
Tyler, Texas 75702
(903) 526-1772
(903) 526-1773 (fax)

**ATTORNEYS FOR PLAINTIFF**